IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02418-PSF-MJW

THE ARK INITIATIVE, et al.,

    Plaintiffs,

v.

UNITED STATES FOREST SERVICE, et al.,

    Defendants.

---

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD (DOCKET NO. 47)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter was before the court on June 18, 2007, for oral argument on Plaintiffs' Motion to Complete the Administrative Record (docket no. 47). The court has reviewed the subject motion, response (docket no. 56), and reply (docket no. 57). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The issue before the court regarding the subject motion (docket no. 47) is whether the record is sufficient for the purpose of judicial review under the Administrative Procedures Act ("APA"). See Sears Sav. Bank v. Federal Sav. & Loan

2

Ins. Corp., 775 F.2d 1028 (9th Cir. 1985). In Bar MK Ranches v. Yeutter, 994 F.2d 735, 739 (10th Cir. 1993), the Tenth Circuit stated: "The complete administrative record consists of all documents and materials directly or indirectly considered by the agency." It also includes evidence contrary to the agency's position. Thompson v. United States Dept. of Labor, 885 F.2d 551, 555 (9th Cir. 1989). Moreover, the Tenth Circuit stated in the Bar MK Ranches case that: "The court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary." Bar MK Ranches, 994 F.2d at 740. Lastly, the burden of demonstrating the necessity of departing from the administrative record rests with Plaintiffs. See Animal Defense Council v. Hodel, 840 F.2d 1432 (9th Cir. 1988).

In the subject motion, Plaintiffs request the following categories of documents be included in the record:

1. Documents related to the Forest Service's acceptance of the MPA;

2. Studies, reports, and data that were referred to in the 1994 Environmental Impact Statement ("EIS") prepared in connection with the Master Plan to which the Environmental Assessment ("EA") for the Project tiered;

3. Documents related to other projects and activities that Plaintiffs contend have cumulative impacts on the project area; and,

4. Internal and intra-agency communications, drafts, and notes.

See Plaintiff's Legal Brief at 3-4, 8 (docket no. 47-2).

Initially, the court finds that Plaintiffs have withdrawn their request to include in

the record the following: Annual Plans, information on the Base Village, Clean Water Act permits, the EA, all information related to the 1985 Master Plan and the 1991 Aspen Daily News story "Land Co. Suit over East Village No Sure Thing, Lawyers Say." <u>See</u> footnote 9 on page 17 of Plaintiffs' reply (docket no. 57).  Secondly, the court finds that Plaintiffs have met their burden of proof and have overcome the presumption of regularity that the administrative record in this case is complete.  The court further finds that those categories of documents listed above in paragraphs 1-4, inclusive, were all considered either directly or indirectly by the Forest Service during its decision-making process and should be included in the administrative record.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion to Complete the Administrative Record (docket no. 47) is **GRANTED**;

2. That the following categories of documents shall be included in the administrative record **as more specifically outlined in Plaintiffs' reply (docket no. 57) but excluding the Annual Plans, information on the Base Village, Clean Water Act permits, the EA, all information related to the 1985 Master Plan and the 1991 Aspen Daily News story "Land Co. Suit over East Village No Sure Thing, Lawyers Say."**

    a. Documents related to the Forest Service's acceptance of the

        MPA;

    b.    Studies, reports, and data that were referred to in the 1994 Environmental Impact Statement ("EIS") prepared in connection with the Master Plan to which the Environmental Assessment ("EA") for the Project tiered;

    c.    Documents related to other projects and activities that Plaintiffs contend have cumulative impacts on the project area; and,

    d.    Internal and intra-agency communications, drafts, and notes.  See Plaintiff's Legal Brief at 3-4, 8 (docket no. 47-2);

3.    That each party pay their own attorney fees and costs for this motion.

Done this 18th day of June 2007.

                BY THE COURT

                s/ Michael J. Watanabe
                Michael J. Watanabe
                U.S. Magistrate Judge